UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID A. HANNUM and CYNTHIA L. HANNUM, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF LICENSING, a department of the State of Washington, LIZ LUCE, Director of the Washington State Department of Licensing, JOHN DOE, and JANE DOE,<br><br>Defendants. | Case No. C06-5346RJB<br><br>ORDER DENYING PLAINTIFFS' MOTION TO ABSTAIN AND REMAND |

This matter comes before the court on Plaintiffs' Motion to Abstain and Remand. Dkt. 5. The court has considered the relevant documents and the remainder of the file herein.

On May 30, 2006, plaintiffs filed a complaint in Thurston County Superior court, alleging that after Mr. Hannum was terminated from his position as an instructor at Fluor Hanford, someone improperly placed a statement on his Washington State Driver's License record that he had a mental condition that required annual psychiatric evaluations. Plaintiffs contend that the notation was false and that Mr. Hannum was not afforded notice and an opportunity to respond to the false statements.

The complaint alleges the following causes of action:

CAUSE OF ACTION ONE   WASHINGTON STATE CONSTITUTION, ARTICLE 1 §3  LACK OF NOTICE AND HEARING–PROCEDURAL DUE PROCESS

CAUSE OF ACTION TWO   WASHINGTON STATE CONSTITUTION, ARTICLE 1 § 3

DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS–SUBSTANTIVE DUE PROCESS

CAUSE OF ACTION THREE    U.S. CONSTITUTION, FOURTEENTH AMENDMENT, 42 U.S.C. § 1983    PROCEDURAL DUE PROCESS

CAUSE OF ACTION FOUR    U.S. CONSTITUTION, FOURTEENTH AMENDMENT, 42 U.S.C. § 1983    SUBSTANTIVE DUE PROCESS

CAUSE OF ACTION FIVE    NEGLIGENCE, R.C.W. § 46.20.041, AND LEGISLATIVE EXCEPTION TO THE PUBLIC DUTY DOCTRINE

CAUSE OF ACTION SIX    NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Dkt. 1.

## MOTION TO ABSTAIN AND REMAND

On July 6, 2006, plaintiffs filed a motion, requesting that the court abstain from hearing this case and remand the case to Thurston County Superior Court, for the following reasons: (1) the State may not assert Eleventh Amendment immunity after it has removed a case to federal court, contrary to the assertions made by counsel for the State in the Notice of Removal; (2) State law issues predominate in all causes of action; (3) this court should remand the state law claims to state court and postpone the exercise of federal jurisdiction until the state court resolves the state law claims; and (4) plaintiffs are entitled to attorneys fees and costs under 28 U.S.C. § 1447(c) for being required to object to the removal of this action to federal court. Dkt. 5.

On July 17, 2006, defendants filed a response opposing plaintiffs' motion to abstain and remand. Dkt. 7.  Defendants argue that (1) plaintiffs' state law claims are without merit and therefore cannot be said to predominate because Washington does not recognize a cause of action for money damages based upon violations of the state constitution; plaintiffs are not entitled to injunctive relief because the notation on the license has been removed; plaintiffs' negligence claim is barred by the public duty doctrine; and plaintiffs cannot establish a prima facie case of negligent infliction of emotional distress; (2) abstention is not appropriate because there are no pending state court or administrative proceedings; and (3) plaintiffs are not entitled to attorney's fees and costs because the complaint pled federal questions on its face.  Dkt. 7.

On July 21, 2006, plaintiffs filed a reply, arguing that (1) defendants' notice of removal was defective in that it relied on a case that was no longer valid; (2) defendants have not discussed the relationship between state law and plaintiffs' federal claims; (3) the entire case should be remanded because

ORDER
Page - 2

state law issues predominate in all causes of action; (4) in the alternative, the federal court should abstain from hearing plaintiffs' state law claims, remand the state law claims, and stay plaintiffs' claims under 42 U.S.C. § 1983 claims until the state law claims have been resolved by the state courts; and (5) an award of attorney's fees under 28 U.S.C. § 1447(c) is not limited to cases in which there is no subject matter jurisdiction. Dkt. 9.

## DISCUSSION

Removal of a case from a state court to a United States District Court is governed by the provisions of 28 U.S.C. §§ 1441 and 1446, which provide, in relevant part, as follows:

> Except as otherwise expressly provided by Act of congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

The district court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. In this case, plaintiffs have alleged causes of action under 42 U.S.C. § 1983, a provision of the Federal Civil Rights Act. The federal court thus has original jurisdiction over the claims brought under Section 1983.

Under 28 U.S.C. § 1367, a federal court may assume supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction so that they form part of the same case or controversy. The Court may decline to exercise this supplemental jurisdiction if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Plaintiffs have alleged claims under the Washington Constitution and under Washington statutory and common law. The state law claims arise out of the same nucleus of operative facts as do the federal constitutional claims, and are so related to the federal claims that they form part of the same case or controversy. The court may therefore exercise supplemental jurisdiction over the state law claims.

Plaintiffs contend that defendants may not assert Eleventh Amendment Immunity after they have removed the case to federal court, citing *Lapides v. Board of Regents of the University System of Georgia*,

535 U.S. 613, 619-21 (2002). Defendants recognize that they have waived Eleventh Amendment immunity by removing this case to federal court, even though this defense was inadvertently improperly included in the answer they filed in federal court. The question of Eleventh Amendment Immunity has no bearing on the question of whether this court should abstain or remand the case. Further, in the Notice of Removal, defendants cited the proper basis for removal: 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights); and 42 U.S.C. §§ 1983 and 1988 (civil rights).

Plaintiffs contend that the court should abstain from hearing the entire case and remand the case to state court because state law issues predominate in all causes of action. Defendants contend that the state constitutional and tort causes of action are without merit, and therefore they do not predominate over the federal claims. The merits of the state constitutional and tort causes of action are not before the court at this point in the litigation. Nonetheless, the federal claims and state law causes of action arise from the same nucleus of operative facts. Should the federal claims be dismissed prior to trial, the court may revisit whether to exercise supplemental jurisdiction over any remaining state law claims. At this point, however, the state law claims do not appear to predominate over the federal claims over which this court has original jurisdiction.

Plaintiffs contend in the alternative that the court should remand the state law claims to state court and stay resolution of the federal claims until the state law claims are resolved.

The *Pullman* abstention doctrine is a narrow exception to the district court's duty to decide cases properly before it. *See Railroad Commission v. Pullman Co.*, 312 U.S. 496 (1941). *Pullman* allows postponement of the exercise of federal jurisdiction when a federal constitutional issue might be mooted or presented in a different posture by a state court determination of pertinent state law. *Kollsman v. City of Los Angeles*, 737 F.2d 830, 833 (9th Cir.1984). *Pullman* holds that federal courts should abstain from decisions when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided. By abstaining in such cases, federal courts avoid both unnecessary adjudication of federal questions and needless friction with state policies. *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 236 (1984). If the federal court abstains under *Pullman*, retention of jurisdiction, and not dismissal of the action, is the proper course. *Santa Fe Land Improvement Co. v. City of Chula Vista*, 596 F.2d 838, 841 (9th Cir.1979).

The federal court may consider *Pullman* abstention at any time. *San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1105 (9th Cir. 1998). *Pullman* abstention is appropriate when: (1) the federal plaintiff's complaint requires resolution of a sensitive question of federal constitutional law; (2) the constitutional question could be mooted or narrowed by a definitive ruling on the state law issues; and (3) the possibly determinative issue of state law is unclear. *Id*. at 1004.

In this case, it does not appear that resolution of the federal claims would require the state court to decide an issue of state law that is unclear. Further, it does not appear that the federal constitutional questions in this case would be mooted or narrowed by a definitive ruling on the state law issues; although the federal and state claims arise from the same nucleus of operative facts, the federal claims require proof of different elements than the state claims. Abstention under the *Pullman* doctrine does not appear to be appropriate in this case.

Because removal of this case was proper, and because the motion to remand is denied by this order, plaintiffs' motion for attorney's fees is not warranted.

Plaintiffs' motion to abstain and remand should be denied. Plaintiffs' request for attorney's fees and costs should be denied.

Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion to Abstain and Remand (Dkt. 5) is **DENIED**. Plaintiffs' request for attorney's fees and costs (Dkt. 5) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 26th day of July, 2006.

Robert J. Bryan
United States District Judge

ORDER
Page - 5