1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID A. HANNUM and CYNTHIA L.
HANNUM, husband and wife,

Plaintiffs,

v.

WASHINGTON STATE DEPARTMENT
OF LICENSING, a department of the State of
Washington, LIZ LUCE, Director of the
Washington State Department of Licensing,
JOHN DOE, and JANE DOE,

Defendants.

Case No. C06-5346RJB

ORDER ON DEFENDANT
STATE OF
WASHINGTON'S
MOTION FOR
SUMMARY JUDGMENT,
PLAINTIFFS' MOTION
FOR PARTIAL
SUMMARY JUDGMENT,
AND PLAINTIFFS'
MOTION TO AMEND
COMPLAINT

This matter comes before the court on Defendant State of Washington's Motion for Summary

Judgment (Dkt. 12), the Plaintiffs' Motion for Partial Summary Judgment (Dkt. 17), and the Plaintiffs'

Motion to Amend Complaint (Dkt. 18). The court has considered the motions, responses, replies, and the

file herein.

## I. FACTUAL BACKGROUND

In October of 2001, a notation was made in the Department of Licensing's ("the Department")

records for plaintiff David Hannum pursuant to RCW 46.20.041:

(1) If the department has reason to believe that a person is suffering from a physical or mental
disability or disease that may affect that person's ability to drive a motor vehicle, the department
must evaluate whether the person is able to safely drive a motor vehicle. As part of the evaluation:

(a) The department shall permit the person to demonstrate personally that notwithstanding
the disability or disease he or she is able to safely drive a motor vehicle.

(b) The department may require the person to obtain a statement signed by a licensed physician or other proper authority designated by the department certifying the person's condition.

Dkt. 13-2, Exh. E at 11. Mr. Hannum's "med cert" notation indicated that Mr. Hannum was required to submit a medical certificate to evaluate a possible mental impairment. Dkt. 24-5 at 1; Dkt. 13-2, Exh. E at 11. After being issued a medical certificate form, a driver has 30 days to seek a medical evaluation and return the completed form. Dkt. 14 at 6. During this time period, the driver may proceed with most aspects of the licensing process. Dkt. 14 at 6, 8.

Mr. Hannum obtained an abstract of his driver's license record in 2003. Dkt. 21 at 5. The abstract listed the "med cert" notation, but Mr. Hannum did not realize what it meant. *Id.* Mr. Hannum first truly learned about the notation in February of 2005 when he went to the Department for a commercial driver's license. *Id.* at 3. He was given a medical certificate form and told that he would not be issued a commercial driver's license until the certificate was completed by a doctor. *Id.* at 3-4. Mr. Hannum contacted various employees at the Department, and the notation requiring the medical certificate was removed on or about March 4, 2005. Dkt. 21, Exh. C at 12.

Mr. Hannum impliedly alleges that the notation was placed on his record in retaliation for complaints he made while employed as a nuclear handling instructor at Fluor Hanford. Dkt. 21 at 1. He also alleges that the placement of the notation resulted in various injuries, primarily related to his attempts at finding employment after being terminated from his Fluor Hanford position.

Specifically, Mr. Hannum contends that he went to Work Source to seek employment and was treated differently after he explained the circumstances of his termination from his Fluor Hanford position. *Id.* at 2. Mr. Hannum contends that after he was required to provide a driver's license abstract during the hiring process for a job with the Kennewick School District in July of 2003, the District employees in charge of hiring stopped talking to him. *Id.* at 5. In December of 2003, he contends that he was berated by Officer Dawn French who was investigating Mr. Hannum's report of a road rage incident after the officer viewed his driver's license record. *Id.* at 3. He contends that in April of 2004, Officer French contacted his son's school, forcing Mr. Hannum to leave a meeting with the assistant principal. *Id.* Finally, in February of 2005, Mr. Hannum maintains that he was not able to secure employment as a school bus driver because when he told the school bus driving instructor about the notation, he was told to leave the driving course and not come back. *Id.*

ORDER
Page - 2

## II. PROCEDURAL BACKGROUND

On May 30, 2006, plaintiffs filed a complaint in Thurston County Superior Court, alleging the following causes of action: (1) violation of the Washington State Constitution, Article 1 § 3, for violation of procedural due process: lack of notice and hearing; (2) violation of the Washington State Constitution, Article 1 § 3, for substantive due process: deprivation of property without due process; (3) a claim under 42 U.S.C. § 1983 for violation of the Procedural Due Process under the Fourteenth Amendment of the U.S. Constitution; (4) a claim for violation of Substantive Due Process under the Fourteenth Amendment of the U.S. Constitution; (5) a state law claim for negligence under RCW 46.20.041; and (6) a state law claim for negligent infliction of emotional distress. Dkt. 1. No individual defendants have been personally served, so the lawsuit is proceeding against the employees in their official capacities only. On June 26, 2005, the defendants filed a notice of removal. *Id.* The plaintiffs then filed a motion to remand, and the motion was denied. Dkt. 5, 11.

On August 16, 2006, the defendants filed a motion for summary judgment, contending that (1) the State of Washington and its employees named in their official capacities are not persons subject to suit under 42 U.S.C. § 1983 and (2) even if a federal cause of action could be properly identified, any employees would be entitled to qualified immunity because there was no violation of a constitutional right and there is no indication that any such right was clearly established. The defendants also contend that the court should exercise supplemental jurisdiction over the state law claims and dismiss these claims because Washington does not recognize a cause of action for money damages for violation of the Washington Constitution; plaintiffs cannot establish a cause of action for negligence because no duty was owed to these plaintiffs; Mr. Hannum does not meet the prima facie elements of a claim for negligent infliction of emotional distress; and Ms. Hannum does not have a valid independent or derivative claim against the defendants. Dkt. 12.

In their response, the plaintiffs seek judgment as a matter of law and time to conduct additional discovery so that they may properly defend against the defendants' motion (Dkt. 12). Dkt. 19. As the court noted in the Order Granting Defendant State of Washington's Motion to Extend Deadlines and Re-Noting Defendants' Motion for Summary Judgment, the motion for summary judgment contained in the plaintiffs' response was not noted in accordance with Local Rule CR 7(d)(3) and is not properly before the court. *See* Dkt. 26.

The plaintiffs separately moved for partial summary judgment on their negligence claim (Dkt. 17), and the defendants' motion was re-noted so that the cross motions could be considered concurrently. *See* Dkt. 26.

Finally, the plaintiffs filed a motion to amend their complaint to add Fred Stephens, former Director of the Department of Licensing, as a defendant. Dkt. 18. The plaintiffs seek to bring only their negligence, negligent infliction of emotional distress, and 42 U.S.C. § 1983 claims against Mr. Stephens. *Id.* at 5. Because the outcome of the summary judgment motions pending before the court will determine whether the motion to amend should be decided by this court, the court has considered the motion to amend in light of its consideration of the motions for summary judgment.

## III. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

The plaintiffs contend that the defendants have not met their burden under Federal Rule 56 because the response to the plaintiffs' motion for partial summary judgment is not accompanied by opposing affidavits. The response does not "rest on mere allegations" but instead references declarations previously filed. This is a sufficient method of responding to a motion for summary judgment.

## B. DEFENDANTS SUBJECT TO SUIT UNDER 42 U.S.C. § 1983

The defendants maintain that the State of Washington and its employees named in their official capacities are not "persons" subject to suit under 42 U.S.C. § 1983. The plaintiffs do not address this argument in the response or in their motion for partial summary judgment.

Neither states nor state officials acting in their official capacities are "persons" for purposes of an action for damages under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 48, 71 (1989). *See also Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613, 617 (2002)(citing *Will v. Michigan Dept. of State Police, supra*). This rule applies equally to state agencies. *See Kaimowitz v. Board of Trustees of the Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1991); *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991). Further, a defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). Because neither the Washington State Department of Licensing nor the Director of the Department are "persons" within the meaning of § 1983, plaintiffs have not stated a cause of action for money damages under 42 U.S.C. § 1983 against these defendants. The claims under 42 U.S.C. § 1983 should be dismissed.

## C. ADDITIONAL DISCOVERY

The plaintiffs seek time to conduct additional discovery pursuant to Federal Rule 56(f). Dkt. 19 at 16. Specifically, they seek to depose Officer French, the assistant principal who allegedly spoke to Officer French, and "the person in charge of the bus driving course." Dkt. 21 at 6, Dkt. 22 at 2. The professed purpose of such discovery is to determine whether Officer French was influenced by knowledge of the notation and whether Officer French informed the assistant principal of the notation. Dkt. 19 at 13. They

1   also contend that it is unclear from the defendants' answers to interrogatories "what process is actually

2   used to place the annotations on driver's records." Dkt. 19 at 16.

3       Federal Rule 56 allows the court to deny or continue a motion for summary judgment if the

4   defending party establishes that it is unable to properly defend the motion:

5       Should it appear from the affidavits of a party opposing the motion that the party cannot for
        reasons stated present by affidavit facts essential to justify the party's opposition, the court may
6       refuse the application for judgment or may order a continuance to permit affidavits to be obtained
        or depositions to be taken or discovery to be had or may make such other order as is just.

7

8   Fed. R. Civ. P. 56(f). While the court is aware of the early posture of the defendants' summary judgment

9   motion, the plaintiffs fail to describe what "facts essential" to the plaintiffs' failure to name proper

10  defendants or to the defendants' assertion of qualified immunity might be uncovered through additional

11  discovery. While the plaintiffs cannot be expected to know precisely what evidence might be discovered, it

12  is insufficient to request more time in the hopes of discovering a "smoking gun." The plaintiffs fail to

13  explain how Officer French's knowledge of the notation may defeat qualified immunity, explained in more

14  detail below, or why the information in the record thus far provides an insufficient description of the

15  process for placing notations on drivers' licensing records. The plaintiffs' request for more time should

16  therefore be denied.

17  **D. QUALIFIED IMMUNITY**

18      In any event, the defendants' motion for summary should be granted because even if the plaintiffs

19  named Liz Luce and John/Jane Doe in their personal capacity, these defendants would likely be entitled to

20  qualified immunity.

21      Government officials who are sued in their official capacity have qualified immunity from suit

22  absent evidence of incompetence or knowing violation of the law. *Anderson v. Creighton*, 483 U.S. 635,

23  638 (1987). This rule shields government officials from suit in order to afford relief to plaintiffs without

24  unduly hindering officials' performance of their governmental duties. *Id.* Qualified immunity is not merely a

25  defense to liability; it is an entitlement to immunity from suit in the first place. *Devereaux v. Perez*, 218 F.3d

26  1045, 1052 (9th Cir. 2000), *reh'g en banc*, *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001). It is

27  "designed to spare a defendant not only of unwarranted liability, but unwarranted demands customarily

28  imposed upon those defending a long drawn-out lawsuit." *Id.*

        The defense of qualified immunity has three steps. First, there must be an allegation of a violation

of a constitutional right. *Saucier*, 533 U.S. at 201. At this stage, the facts are viewed in the light most favorable to the injured party. *Id.* Absent such a violation, there is no need to pursue the remaining qualified immunity analysis. *Id.* Second, the right must be so clearly established that a reasonable officer would be on notice of its existence and parameters. *Id.* at 199; *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991). This burden rests with the plaintiff. *Romero*, 931 F.2d at 627. Third, the officer must demonstrate that a reasonable officer could have believed the conduct was lawful. *Id.*

Here, even if the plaintiffs could successfully allege that placing the notation on Mr. Hannum's record without providing him notice and an opportunity to contest the notation amounts to a violation of his constitutional rights, such rights do not appear to be clearly established, and a reasonable government officer could have concluded that the defendants' behavior towards Mr. Hannum was lawful. The court should therefore hold that Liz Luce and John/Jane Doe would be entitled to qualified immunity.

**E. SUPPLEMENTAL JURISDICTION**

Defendants request that the court exercise supplemental jurisdiction over the state law claims and then dismiss these claims. Dkt. 12 at 7. The

Under 28 U.S.C. § 1367, a federal court may assume supplemental jurisdiction over all other claims that are related to claims in the action within the original jurisdiction such that they form part of the same case or controversy. The court may decline to exercise this supplemental jurisdiction if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

Because the plaintiffs' two federal claims are subject to judgment as a matter of law in favor of the defendants, the court may decline to exercise jurisdiction over the plaintiffs' Washington State Constitution, negligence, and negligent infliction of emotional distress claims. Soon after removal of the case to this court, the plaintiffs filed a motion to abstain and remand. Dkt. 5. The motion was denied. Dkt. 11. The parties do not now seek remand of the remaining state claims, and the defendants specifically request that the court continue to exercise jurisdiction over the state claims. Dkt. 12 at 8. For reasons explained below, the court concludes that the plaintiffs' state claims should be remanded to state court.

### 1. NEGLIGENCE

The threshold inquiry in a negligence action is whether the defendant owed a duty of care to the plaintiff. *See, e.g., Taylor v. Stevens County*, 111 Wn.2d 159, 163 (1988). To be actionable, the duty must be owed to the plaintiff or a limited class of potential plaintiffs and not merely to the public as a whole. *Id.*; *Babcock v. Mason County Fire Dist. No. 6*, 144 Wn.2d 774, 785-86 (2001). The public duty doctrine embodies this principal and provides that the government is not liable for breach of a duty owed to the public generally. *See Taylor*, 111 Wn.2d at 163.

There are four exceptions to the public duty doctrine: (1) legislative intent; (2) failure to enforce; (3) the rescue doctrine; and (4) a special relationship. *Babcock*, 144 Wn.2d at 786. The plaintiffs claim that the legislative intent exception applies.

Under the legislative intent exception, the public duty doctrine does not apply if the legislature enacts legislation to protect a class of which the plaintiff is a member. *Taylor*, 111 Wn.2d at 164. The legislature's intent to protect a specific class of people must be clear, and the class of potential plaintiffs must be "particular and circumscribed." *Id.* at 165; *Halvorson v. Dahl*, 89 Wn.2d 673,676 (1978).

Here, RCW 46.20.041 could be read as a statute of general application, as a statute protecting only drivers who are believed by the Department to suffer from disabilities, or both. The parties have not cited authority from Washington courts determining whether the legislation involved in this case falls within the legislative intent exception. This apparently undecided issue of state law should be heard and resolved by a state court. The court should therefore decline to exercise jurisdiction over the plaintiffs' negligence claim and deny the plaintiffs' motion for partial summary judgment without prejudice.

### 2. REMAINING STATE CLAIMS

Because the court declines to exercise jurisdiction over the plaintiffs' negligence claim, the plaintiffs' remaining state claims should similarly be remanded.

### F. ATTORNEY'S FEES

The plaintiffs move for attorney's fees under 42 U.S.C. § 1988. Dkt. 19 at 19. 42 U.S.C. § 1988 provides, "In any action or proceeding to enforce a provision of section[] . . . 1983, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. 1988(b). Here, the plaintiffs are not prevailing parties with respect to their claims under 42 U.S.C. § 1983, and the motion for attorney's fees should therefore be denied.

**G. MOTION TO AMEND**

The plaintiffs seek to amend their complaint to include Fred Stephens, who was allegedly the Director of the Department of Licensing when the notation was removed from Mr. Hannum's record. Dkt. 18. Because the court has declined to continue to exercise jurisdiction over the plaintiffs' remaining claims, the motion to amend should be denied without prejudice, allowing the plaintiffs to raise the issue in state court if they so desire.

**IV. ORDER**

Therefore, it is hereby

**ORDERED** that Defendant State of Washington's Motion for Summary Judgment (Dkt. 12) is **GRANTED IN PART** and **DENIED IN PART** as follows: (1) with respect to the plaintiffs' third (procedural due process) and fourth (substantive due process) causes of action under 42 U.S.C. §1983, the motion is **GRANTED**, and these claims are **DISMISSED**; (2) with respect to the plaintiffs' remaining claims, the motion is **DENIED**, and these claims are **REMANDED** to Thurston County Superior Court. The plaintiff's motion for attorney's fees is **DENIED**. The Plaintiffs' Motion for Partial Summary Judgment (Dkt. 17) is **DENIED**. The Plaintiffs' Motion to Amend complaint (Dkt. 18) is **DENIED WITHOUT PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 4th day of October, 2006.

Robert J. Bryan
United States District Judge